Julian A. Hertz, J.
At the preliminary hearing the defendants moved to dismiss the charge of obstructing governmental administration in violation of section 195.05 of the Penal Law. That was just one of several charges against them. This court reserved decision on the motions. At the same time, on the motion of the Assistant District Attorney, the felony charges were reduced to misdemeanor grade.
Since then the defendant Knight, also known as Abney, pleaded guilty to petty larceny (Penal Law, § 155.25) to cover the charges pending against him. For that reason, the matter is moot as to him. But with respect to defendant Wayne Ketter also known as Wayne Eleby, who is presently sought on a warrant duly issued for his failure to appear, the issue persists. Defendants were arrested as the result of the alleged operation and control of a stolen vehicle. After they were taken into custody, the arresting officer asked them for their names, addresses and ages. The defendants provided false information, and consequently, they were erroneously processed as juveniles and taken to Spofford Youth House and then to Family Court. Later, it was determined that the defendants were, in fact, adults, and they had to be rearrested and the case was removed to Criminal Court. Defense counsel now claims that neither the facts asserted in the complaint nor as developed at the preliminary hearing were legally sufficient to sustain a charge for obstructing governmental administration.
Section 195.05 of the Penal Law states that: “ A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.”
According to this provision, there are two methods by which a person can obstruct governmental administration: through the use of 1 ‘ intimidation, physical force or interference ’ ’ or through ‘ ‘ any independently unlawful act. ’ ’ There is no question that any action which would prevent a police officer from effecting a lawful arrest in a peaceable manner *700 or prevent a police officer from conveying a lawfully arrested person to the police station without physical interference is prohibited by section 195.05. (People v. Shea, 68 Misc 2d 271 [Ct. of Spec. Sess., Yonkers, 1971].) But in the present case, no physical force was employed; the defendants did not in any way resist arrest. What they did was provide incorrect information concerning their names, addresses and ages, which caused some inconvenience to the authorities; that is, they verbally misrepresented. However, the defendants were not, at the time, under any legal duty to tell the truth or, in fact, to speak at all. Since they were not under oath, they are not subject to prosecution for perjury.
As the court declared in People v. Longo (71 Misc 2d 385, 390 [County Ct., Onondaga County, 1971], mot. granted 39 A D 2d 633 [4th Dept., 1972]), in interpreting section 195.05 of the Penal Law, “we do not believe that a verbal act alone constitutes physical force or interference within the accepted meaning of the words.” In another case, People v. Maddaus (4 N Y 2d 1003 [1958]), the defendant was convicted of violating section 186 of the Sanitary Code of the City of New York, based on a complaint that he obstructed and interfered with Health Inspectors who sought to examine an outdoor privy. The defendant refused to grant permission for the inspection, but did nothing forcefully to impede it. The court held that the defendant’s conduct did not “interfere with or obstruct ” the inspector within the meaning of the Sanitary Code.
This court is reluctant to flatly conclude that mere words alone are sufficient to support the charge of obstructing governmental administration. There must be either some “ intimidation, physical force or interference” or an “independently unlawful act.” What these criteria mean remains for courts to consider within the framework of each case. For example, when words carry the intimation or threat of imminent action, they may come within the statutory purview. The issue need not be pursued here beyond the observation that since there was no legal obligation upon the defendants to provide accurate information regarding themselves to the arresting officer, .they did not commit any independently unlawful act.
It is worth adding the court’s concurrence with the defendant Ketter’s argument that an examination of the statute leads to the conclusion that proper syntax requires that the modifying adjective “physical” in the phrase “intimidation, physical force or interference ” be applied to both nouns “ force ” and ‘ ‘interference ”, As defendant’s counsel cogently argues in *701 his brief, the use of the conjunction “ or ” creates an even closer nexus between the nouns and their common modifier.
In view of the foregoing, the defendant’s (Ketter) motion to dismiss the charge of obstructing governmental administration is granted.