OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On September 17, 1981, Officers David Enders and Jules Alper stopped the car defendant was driving, because the car had a cracked windshield, void stickers and no front license plate. Enders approached defendant and asked for his license, the car registration and insurance card. Defendant stated that the car was not his, and that he had no license. Defendant then produced a laminated plastic card with his picture on it, searched through papers scattered on the front seat in an apparent effort to locate a document, and — behaving strangely, in the officer’s view — mumbled to his passenger, codefendant James McBride. After 30 seconds to a minute, Enders ordered the defendant out of the car for "safety reasons”. McBride remained in the front passenger seat while Alper stood outside the passenger door. When Enders asked defendant where the papers for the vehicle were, he answered "in there,” pointing toward the front seat of the car. The officer entered the vehicle looking for the documents.* The front seat and floor were strewn with papers. He looked through some papers, and then saw the butt of a .380 caliber automatic pistol beneath a small rug under the driver’s seat. Defendant and McBride were placed under arrest and searched. Defendant had 20 rounds of .380 caliber ammunition on his person, and McBride had 15 rounds of .9 mm ammunition. A further search of the car by Alper uncovered a .9 mm
*862 pistol. Criminal Term denied defendant’s suppression motion, after which defendant pleaded guilty to one count of criminal possession of a weapon in the third degree. The Appellate Division affirmed his conviction, without opinion.
By law, defendant was required to carry a registration certificate while operating the vehicle. Failure to produce the certificate is presumptive evidence of operating an unregistered vehicle, which is punishable by a fine or imprisonment (see, Vehicle and Traffic Law § 401 [1], [4], [18]). Here, defendant had no license and no standard identification; he could produce no registration certificate or proof of insurance although given an opportunity to do so. He immediately disavowed the ownership of the car. The vehicle itself had void stickers, a cracked windshield and no front license plate. The officer observed that defendant behaved strangely while in the vehicle, and ordered him out because he feared for his safety in permitting defendant to remain in the vehicle. When defendant was outside the car, Officer Enders asked where the registration certificate was, and defendant responded "in there,” pointing toward the front seat of the vehicle. For want of any standard identification, defendant could not simply be issued a summons. For reasons of safety, Officer Enders could not permit defendant to return to the vehicle to look further for the certificate; defendant’s own search of the area had in any event already proved futile. Moreover, defendant indicated that the certificate was in the vehicle, and its general location. In the limited circumstance presented by these facts, and in light of the diminished expectation of privacy with respect to the contents of automobiles (see, People v Belton, 55 NY2d 49, 53), the officer was justified in looking for the document in the area specified by defendant rather than having to arrest him (compare, People v Ellis, 62 NY2d 393, 396, and People v Copeland, 39 NY2d 986, with People v Marsh, 20 NY2d 98, 100). We thus do not reach the remaining issues raised by defendant.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.

 The suppression court said of Enders’ testimony: "It was coherent, it was cogent, it was credible, and I repeat, uncontradicted.” There was no other testimony at the suppression hearing.