OPINION OF THE COURT
Roger Bryant Hunting, J.
The defendants herein were charged in a series of misdemeanor informations filed under the above-referenced dockets with assault in the third degree (Penal Law § 120.00 [1]), resisting arrest (Penal Law § 205.30), and obstructing governmental administration in the second degree (Penal Law § 195.05). Each of these counts constitutes a class A misdemeanor.
A jury trial was held before this court in Jury Part 8 from October 26, 1987 until November 9, 1987. There, it was shown that shortly after midnight on Sunday morning, December 28, 1986, a dispute developed aboard a No. 2 IRT subway train traveling toward the Bronx Park East elevated station, between two men — one black, one Hispanic. Transit Authority Conductor Oscar Irving, Jr., testified that he saw this "scuffle” which was occurring in close proximity to where a number of young Hispanic women were located. He held the train at the Bronx Park East station and signaled to Transit Authority *869 Police Officer Noel Bruen who was in the last car on the train. Officer Bruen was a relatively new member of the force. Upon entering the car in which the dispute was reportedly occurring, he found a number of blacks and one Hispanic man. The black male who was implicated in the dispute complied with Officer Bruen’s request to step on to the platform for questioning. Officer Bruen testified that when he returned to the car to ask the Hispanic man, Danny Velasquez, to step on to the platform so that he could also question him, the group of young women, including the defendants, placed themselves physically between Officer Bruen and the man he sought to question.
In view of the fact that defendants physically placed themselves in a position to prevent Officer Bruen from escorting Mr. Velasquez on to the platform, Officer Bruen left the car and, from the platform, called for backup.
Subsequent events gave rise to the charges of assault and resisting arrest. However, at the conclusion of their deliberations the jury acquitted defendants as to all of the charges except obstruction of governmental administration.
THE INSTANT MOTIONS
A. Motions to Set Aside the Verdict
By notices of motion submitted by their respective attorneys, defendants have moved, pursuant to CPL 330.30 et seq., for an order setting aside these guilty verdicts. As grounds, defendants assert first that during the jury deliberations the court improperly responded to an oral follow-up question by a juror other than the foreperson which was not sent out as part of a written inquiry, and second that the court’s response was an incorrect statement of law. Defendants maintain that these actions by the court are matters of record which, if raised on appeal, would require reversal or modification of defendants’ convictions. (CPL 330.30 [1].)
What follows is the excerpt from the record of November 9, 1987 on which these motions are apparently based:
"(Whereupon at 7:21 p.m., the sworn jurors entered the courtroom.)
"the court clerk: Do both parties stipulate that the jury is present and in the proper seating order?
"mr. kelly: Yes.
"mr. franco: So stipulated.
*870 "mr. torres: So stipulated.
"the court: Thank you. Members of the jury, I received your note. First question is: what are the three points for obstruction of governmental administration.
"I am going to read you what I believe answers your question. If I don’t, let me know. Section 195.05 of the Penal Law of our State insofar as is applicable to this case reads as follows: a person is guilty of obstructing governmental administration when he intentionally obstructs a public servant— obstructs or prevents a public servant or attempts to prevent a public servant from performing an official function by means of intimidation, physical force or interference.
"Now, are those the three points with respect to instructions you are speaking? [sic]”
The court notes that at this point the foreperson of the jury nodded in the affirmative. Thereupon the following question was asked by:
"juror number five: Does intimidation include verbal?
"the court: Yes.”
I note that neither defense attorney made any objection or took any exception to that question and answer.
Specifically, counsel for Ms. Jimenez contends that juror number five asked whether "intimidation meant verbal statements.” (Emphasis supplied.) As the transcript indicates and, as counsel for Ms. Rivera also recounts in his supporting affirmation, the operative word in the question was "include”.
The court’s affirmative reply was intended to convey that words could constitute a part of (that is to say, could be included in) a defendant’s attempt to intimidate a public officer’s performance of an official function, for example, words coupled with being surrounded by a hostile group. The court’s response did not imply that "mere words alone” can constitute "intimidation” sufficient to support a charge of obstructing governmental administration.
Defendants contend that by responding in the affirmative the court in effect included acts of "verbal” intimidation as part of the statutory definition of section 195.05. Defendants further argue that the court provided the jury with additional factual considerations thus affecting the verdict. The court disagrees. The question by juror number five was, "Does intimidation include verbal?” (Emphasis supplied.) The question was not, "Is a verbal act alone enough to sustain a *871 charge of obstructing governmental administration?” The defendants’ reliance on People v Case (42 NY2d 98 [1977]), People v Longo (71 Misc 2d 385 [Onondaga County Ct 1971]), and People v Ketter (76 Misc 2d 698 [Crim Ct, Bronx County 1974]) is misplaced. In Case, the defendant warned other vehicles of a speed checkpoint over his citizen band radio. In Longo, the defendant exposed police officers working undercover. In Ketter, the defendant provided the arresting officer with false information resulting in him being processed as a juvenile. The court ruled that the verbal act of providing false information was not enough to sustain the charge. In Ketter the court stated, "There must be either some 'intimidation, physical force or interference’ or an 'independently unlawful act.’ What these criteria mean remains for courts to consider within the framework of each case. For example, when words carry the intimidation or threat of imminent action, they may come within the statutory purview.” (76 Misc 2d, supra, at 700.)
In this case, there was testimony, and the record is clear, that both defendants obstructed governmental administration. Police Officer Bruen testified that the defendants, by placing themselves between him and Danny Velasquez, prevented him from speaking with Danny Velasquez about an incident which took place on the southbound No. 2 IRT.
While this court might, if required in a proper case, hold that mere words are sufficient to intimidate, it is unnecessary to reach that conclusion. It is necessary to analyze the statute (Penal Law § 195.05 — obstructing governmental administration) in the context of the written question from the jury, as well as the oral question from juror number five.
As stated in the charge given to the jury and repeated when read back in the court in response to its question, section 195.05 reads — in pertinent part: "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts * * * or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful acts”.
It is hornbook law, with respect to statutory construction, that the Legislature, in adopting a statute, meant each of its words to have meaning — that is to say — that no word is superfluous or merely repetitious.
The jury’s written question asked "what are the 3 points for *872 obstruction of governmental administration”. The charge given to the jury was that those three points were: one, intimidation; two, physical force; and three, interference. It should be noted that neither the court’s original charge nor the supplementary charge in answer to the jury’s written question made any reference to what may appear to be a fourth ground of guilt under section 195.05 — namely, "any other independently unlawful act”. And clearly the affirmative nod by the foreperson in response to the court’s question "[A]re those the three points with respect to instructions you are speaking [sic]” as well as the question of juror number five, "Does intimidation include verbal?” demonstrates that the court was not in any way involved in consideration by the jury of "any other independently unlawful act”.
Now addressing directly the "three points” about which the jury did inquire — and the meaning to be attached to them by reason of the Legislature including the three in the statute, the court takes up first the easiest one — "physical force”. The statutes and cases are replete with working definitions of what constitutes physical force. With respect to the charge of which the defendants were found guilty there was no evidence that they used "physical force” to obstruct Officer Bruen in his attempt to question Danny Velasquez about the incident. Turning now to the term "interference” the court finds that in spite of the punctuation in the statute the words are to be read in the disjunctive — that is — "physical force” is one thing and "interference” is another, and separate, action. With respect to the charge of which the defendants were found guilty there was clear evidence that they interfered with Officer Bruen in his attempt to question Danny Velasquez by placing themselves between the officer and Velasquez.
Now as to intimidation. The court believes this to be a most important "point” in the statute. As previously noted the court does not find it necessary in this case to determine whether mere words can intimidate. The court is of the opinion that the Legislature in inserting the word intimidate into the statute had the intention to provide for something other than physical force, and as I have described it, physical interference. What I conclude the Legislature must have intended was putting the public servant in fear. A most simple definition of the word "intimidate” is that in the College Edition of Webster’s New World Dictionary as follows: "1. To make timid; make afraid; overawe. 2. To force or deter by threats or violence.”
*873 With respect to the charge of which the defendants were found guilty there was clear evidence that Officer Bruen was intimidated. He had been on the force 20 months and, after graduating from the academy had been on active duty "on the street” 6 months. His perception at the time of the incident was that there were 250 people on the platform and in his words he was "scared” and called for backup. Whether or not words alone are enough to intimidate, I find that the addition to words of a large and hostile group was indeed an intimidator. Nevertheless, the resolution of this motion rests in the first instance, on the fact that the defendants physically interposed themselves between the police officer and Mr. Velasquez, the person he sought to get off the train for questioning.
I conclude that the instructions this court gave were proper. The court merely repeated its original instructions to the jury. When juror number five asked if intimidation included verbal the court merely responded in the affirmative. The court did not respond to the jury that verbal statements alone are enough for conviction.
If raised on appeal, the court’s response to juror number five’s oral follow-up question would not require reversal or modification of defendants’ conviction for obstructing governmental administration.
Defendants also contend that, without regard to the substance of its answer, the court committed reversible error simply by addressing juror number five’s oral question.
CPL 310.30 governs requests for information during jury deliberations and provides in pertinent part: "At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law * * * Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper.”
CPL 310.30 mandates that, in responding to jury inquiries, "the trial court * * * must give meaningful supplemental instructions.” (People v Malloy, 55 NY2d 296, 301 [1982]; People v Gonzalez, 293 NY 259, 262 [1944].) In this case, the court received the jury’s written inquiry and gave the supplemental instructions. Juror number five indicated that she needed additional clarification on the nature of "intimidation” *874 under Penal Law § 195.05. The court provided a one-word response.
Defense counsel contends that this constituted reversible error, in that the jurors should have been instructed to return to the deliberation room in order to have this question submitted in writing by the foreperson. In the court’s view, this procedure would have placed undue emphasis on an issue posed merely as a follow-up to a previously written question (cf., People v Almodovar, 62 NY2d 126, 132 [1984]).
The court finds no merit to this aspect of defendants’ motions and, therefore, holds that they have not articulated grounds in the record that would require reversal or modification on appeal.
B. Sufficiency of the Accusatory Instrument
Counsel for defendant Evelyn Rivera also contends that the accusatory instrument in this case is facially insufficient as to the charge of obstructing governmental administration and moves, pursuant to CPL 170.35 (1) (a), to dismiss the complaint as facially insufficient.
In order for an information to be facially sufficient, it must meet two conditions: (1) "[t]he allegations * * * [must] provide reasonable cause to believe that the defendant committed the offense” (CPL 100.40 [1] [b]); and (2) "[n]on-hearsay allegations * * * [must] establish, if true, every element of the offense charged”. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133, 137 [1987]; see also, People v Case, 42 NY2d, supra, at 100.) Statements of a conclusory nature do not suffice. (People v Dumas, 68 NY2d 729, 731 [1986]; see also, People v Lopez, Crim Ct, Bronx County, Aug. 25, 1987, Kahn, J., docket No. 7X017855.)
Section 195.05 of the Penal Law provides: "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act”.
What counsel terms the "relevant part” of the complaint is, indeed, conclusory with respect to this charge and, standing alone, insufficient to support it. However, the complaint also charges defendant with obstructing governmental administration by the following language: "the defendants, acting in *875 concert, did with intent to prevent the deponent, a Police Officer, from performing his lawful duty, did cause a physical injury to the deponent, in that defendants did fight with deponent, jumping on his back and causing him to fall on the ground.”
To be sufficiently pleaded in an information, the charge of obstructing governmental administration must allege an act of either (1) intimidation; (2) physical force or interference; or (3) an independently unlawful act. (People v Stumpp, 129 Misc 2d 703, 704 [Dist Ct, Suffolk County 1985], affd 132 Misc 2d 3 [App Term, 2d Dept 1986].) Although inartfully drafted, the instant complaint sufficiently alleges a factual basis for establishing the charge of obstructing governmental administration, i.e., defendants’ physical interference with a police officer’s performance of an official function, and commission of an independently unlawful act, by stating that "defendants * * * with intent to prevent deponent, a Police Officer, from performing his lawful duty * * * did fight with deponent, jumping on his back and causing him to fall on the ground.”
CONCLUSION
For all of the above reasons, defendants’ motions to set aside the verdict, pursuant to CPL 330.30 et seq., and defendant Rivera’s motion, pursuant to CPL 170.35 (1) (a), are denied in their entirety.
SENTENCE
Inasmuch as the court believes that supervision by the Department of Probation would serve no proper purpose and might be deleterious to the respective futures of Ms. Rivera and Ms. Jimenez, the court sentences both defendants to a conditional discharge. No conditions are imposed. (See, Penal Law § 65.05 [1], [3] [b]; § 65.20 [1].)