■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PHILBERT, Appellant. [707 NYS2d 14] —Judgment, Supreme Court, New York County (Michael Obus, J., at suppression hearing; Antonio Brandveen, J., at jury trial and sentence), rendered March 19, 1999, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations, which are supported by the record. The circumstances, including the information disclosed by the computer status check on the vehicle, defendant's unexplained failure to produce documentation, and defendant's statement that the car belonged to a named friend, whose name was completely different from that of the registered owner, provided probable cause to believe that the vehicle was being driven without the consent of the owner, even though not reported stolen at that time. The search of the glove compartment was proper, since there was "reason to believe" that this area would contain "evidence related to the [suspected] crime" (*People v Belton*, 55 NY2d 49, 55), namely registration and insurance documentation. The officer lawfully recovered cocaine observed in plain view while attempting to conduct this justified search. In any event, assuming arguendo that there was a lack of probable cause, the record also supports the hearing court's alternate holding that the circumstances permitted a limited search of the glove compartment for vehicle documentation (*see, People v Branigan*, 67 NY2d 860).

The verdict was based on legally sufficient evidence and there is no reason to disturb the jury's determinations concerning credibility. Aside from the statutory presumption of possession (Penal Law § 220.25 [1]), there was testimony that, as the police officers approached the vehicle, defendant appeared to be kicking something into the area where the drugs were recovered. Thus, there was ample corroboration of the accomplice's testimony that defendant had purchased the drugs and attempted to hide them after the vehicle was pulled over (*People v Daniels*, 37 NY2d 624, 631).

Uncharged crimes evidence was properly admitted under each of the various theories cited by the trial court (*see, People v Molineux*, 168 NY 264), and its probative value outweighed its prejudicial effect.

Imposition of the minimum sentence authorized by law was not unconstitutional under the circumstances (*see, People v Thompson*, 83 NY2d 477).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.