*1047 OPINION OF THE COURT
Anthony J. Ferrara, J.
The defendant is charged with one count of resisting arrest (Penal Law § 205.30) and one count of obstruction of governmental administration in the second degree (Penal Law § 195.05). The information alleges that Police Officer Kevin McGimpsey observed the defendant operating a bus on 41st Street in Manhattan. Officer McGimpsey observed the defendant make a left turn at a red light and “try to change lanes in a one-way lane which caused a delay in traffic for other vehicles.” When Officer McGimpsey asked the defendant to turn over his driver’s license, registration and proof of insurance, the defendant refused. Officer McGimpsey asked for these items at least five more times and informed the defendant that he would be arrested if he continued to refuse to comply. As Officer McGimpsey and his fellow officers were placing the defendant under arrest, he refused to get off the bus, flailed his arms, twisted his body, and had to be physically removed from the bus.
By notice of omnibus motion dated July 27, 2005, defendant has moved (1) to dismiss the information for facially insufficiency, (2) for a bill of particulars and additional discovery, (3) to suppress evidence of defendant’s statements, and (4) to preclude cross-examination of defendant as to prior bad acts.
Motion to Dismiss for Facial Insufficiency
In order to be facially sufficient, an information must contain an accusatory part designating the offense or offenses to be charged (CPL 100.15 [1], [2]) and a factual part containing facts of an evidentiary nature supporting or tending to support the charges (CPL 100.15 [1], [3]). The factual allegations, together with any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.40 [1] [b]; [4] [b]; People v Casey, 95 NY2d 354 [2000]). In addition, a sufficient information must contain nonhearsay allegations in the factual part and/or in any supporting depositions that, if true, establish every element of the offense and the defendant’s commission of the offense (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]; People v Hall, 48 NY2d 927 [1979]). Conclusory allegations are insufficient (People v Dumas, 68 NY2d 729 [1986]).
Penal Law § 195.05 provides that
“[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or *1048 other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . .
To fall within this statute the alleged obstruction of governmental administration must have been accomplished either (1) by intimidation or physical force or interference, or (2) by an independently unlawful act (see People v Ketter, 76 Misc 2d 698, 699 [Crim Ct, Bronx County 1974]; People v Stumpp, 129 Misc 2d 703, 704 [Suffolk Dist Ct 1985]; People v Longo, 71 Misc 2d 385, 386 [Onondaga County Ct 1971]).
The defendant’s mere verbal refusal to give Officer McGimpsey his license, registration and proof of insurance cannot itself be considered intimidation or physical force or interference (see Matter of Davan L., 91 NY2d 88, 91 [1997]; People v Brito, 4 Misc 3d 1004[A], 2004 NY Slip Op 50661 [U] [Crim Ct, NY County]; Ketter, 76 Misc 2d at 700; Longo, 71 Misc 2d at 390). Thus, the issue presented here is whether the defendant’s refusal to supply his license, registration and insurance card, when Officer McGimpsey requested them, was an independently unlawful act. The court holds that it was not.
In order to commit an independently unlawful act one must violate an existing statute (see Longo, 71 Misc 2d at 390; People v Gaissert, 75 Misc 2d 478, 479 [1973]). While various provisions of the Vehicle and Traffic Law address a driver’s responsibility to provide a valid driver’s license, registration and proof of insurance when a police officer requests them, none of these statutes make it a violation or a crime to refuse to supply such documentation (see e.g., Vehicle and Traffic Law § 312 [1] [b]; § 319 [3]; § 401 [4]; § 507 [2]). Rather these provisions are part of a statutory scheme by which a driver who fails to produce the requested document is presumed to be driving without it (see People v Branigan, 67 NY2d 860, 862 [1986]). For example, Vehicle and Traffic Law § 507 (2) states: “Failure by a licensee to exhibit a license valid for operation under this chapter to any magistrate, motor vehicle license examiner, motor vehicle investigator, peace officer, acting pursuant to his special duties, or police officer shall be presumptive evidence that he is not duly licensed.”
In People v Bohn (91 Misc 2d 132 [App Term, 2d Dept 1977]), the Appellate Term noted that under this statutory scheme failure to provide the required documentation is presumptive evi *1049 dence of the unlawful acts of driving without a license, registration, or proof of insurance and justifies summary arrest of the motorist. The Bohn decision implicitly finds that this refusal is not a violation which, in and of itself, justifies a separate independent charge (id.). It necessarily follows that refusal to comply with a request for documentation is not an independently unlawful act that amounts to obstruction of governmental administration. Therefore, the second count of the information (Penal Law § 195.05) is dismissed for facial insufficiency due to the People’s failure to make out an allegation that the defendant obstructed governmental administration through means of intimidation, physical force or interference, or an independently unlawful act.
The defendant’s motion to dismiss the resisting arrest count (Penal Law § 205.30) for facial insufficiency is denied. It is well settled in New York that although it is preferable to issue a summons for a traffic infraction rather than arresting the offender, when the suspect is unable or unwilling to provide identification, making it impossible for a police officer to issue a summons, arrest is warranted (Branigan, 67 NY2d at 862; People v Ellis, 62 NY2d 393, 396 [1984]; People v Copeland, 39 NY2d 986 [1976]). In addition, the Supreme Court has confirmed that it is constitutionally permissible to take a defendant into custody after a traffic infraction (Atwater v Lago Vista, 532 US 318 [2001]). Here the complaint alleges facts sufficient to show that the police were authorized to arrest for a traffic infraction because the defendant refused to provide identification.
Motion for Bill of Particulars and Discovery
Defendant’s motion for a bill of particulars and additional discovery is denied. The voluntary disclosure form provided by the People is sufficient.
Motion to Suppress Statements
Defendant’s motion to suppress defendant’s statements is granted to the extent that a Huntley/Dunaway hearing is ordered.
Sandoval Motion
Defendant’s Sandoval motion is referred to the trial court.
To the extent not addressed herein, the remainder of the motions are denied.