People v Wright (2020 NY Slip Op 06669)





People v Wright


2020 NY Slip Op 06669


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1042 KA 15-01951

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARL L. WRIGHT, II, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (JOHN A. HERBOWY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 15, 2014. The judgment convicted defendant upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that the evidence is not legally sufficient to establish that he possessed the weapon and drugs involved. Because defendant made only a general motion to dismiss the indictment at the close of the People's case, he failed to preserve that contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]; People v Moore, 125 AD3d 1304, 1305 [4th Dept 2015]).
In any event, we reject defendant's contention. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]). Here, viewing the evidence in that light (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the circumstantial evidence is legally sufficient to establish that defendant possessed the weapon that was found in bushes next to where he was taken into custody (see People v Jordan, 157 AD3d 413, 413 [1st Dept 2018], lv denied 31 NY3d 984 [2018]; People v Primakov, 105 AD3d 1397, 1398 [4th Dept 2013], lv denied 21 NY3d 1045 [2013]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and the heroin that was found in the back seat of the patrol vehicle in which he was transported from that location (see People v McCoy, 266 AD2d 589, 591-592 [3d Dept 1999], lv denied 94 NY2d 905 [2000]). With respect to both the gun and the drugs, "the element of [possession] was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant" possessed those items (People v Brown, 92 AD3d 1216, 1217 [4th Dept 2012], lv denied 18 NY3d 992 [2012]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court