People v Lawrence (2021 NY Slip Op 01921)





People v Lawrence


2021 NY Slip Op 01921


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


889 KA 19-00317

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY LAWRENCE, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
ANTHONY LAWRENCE, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered July 25, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a firearm, harassment in the second degree, exposure of a person and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and criminal possession of a firearm, granting that part of the omnibus motion seeking to suppress the handgun, and dismissing counts one, two, three and nine of the indictment, and as modified the judgment is affirmed and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), two counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [3]), one count of criminal possession of a firearm (§ 265.01-b [1]), one count of harassment in the second degree (§ 240.26 [1]), one count of exposure of a person (§ 245.01), and one count of criminal mischief in the fourth degree (§ 145.00 [1]), defendant contends in his main and pro se supplemental briefs that County Court erred in refusing to suppress the handgun that was seized from a vehicle in which he was a passenger and that, consequently, the four counts related to that handgun, i.e., the weapon and firearm counts, must be dismissed. We agree.
According to the testimony at the suppression hearing, two officers responded to the scene of a one-car collision and observed defendant and a woman standing outside of the vehicle, which had struck a tree. The woman informed the officers that she had been driving the vehicle and that defendant had been a passenger. The woman did not have identification, and the officers allowed her to walk to her nearby residence to retrieve it. During the encounter, defendant informed the officers that the vehicle belonged to a friend and that its registration certificate was inside. Although defendant stated that he would retrieve the registration certificate, one of the officers stated that he would retrieve the registration certificate because he was standing closer to the car. The officer then bent down and entered the car so that he could access the glove compartment. As he did so, the officer saw a revolver on the dashboard that, because of the manner in which the airbag had deployed, had not been visible from the outside. At the suppression hearing, the officer testified that defendant did not consent to the search of the vehicle, and the officer agreed that he lacked probable cause to conduct the search.
As an initial matter, there is no dispute that defendant has standing as a passenger of the [*2]vehicle to challenge its search by virtue of the People's reliance on the statutory automobile presumption (see People v Washington, 50 AD3d 1539, 1540 [4th Dept 2008], lv denied 11 NY3d 742 [2008]; cf. People v Graham, 171 AD3d 1559 [4th Dept 2019], lv denied 33 NY3d 1069 [2019]; see generally People v Wesley, 73 NY2d 351, 360-362 [1989]). Furthermore, under the circumstances of this case, we agree with defendant that the officer who conducted the search lacked probable cause to do so (see generally People v Johnson, 183 AD3d 1273, 1274-1275 [4th Dept 2020]). In reaching that conclusion, we reject the People's assertion that, based on the holdings of People v Branigan (67 NY2d 860 [1986]) and People v Philbert (270 AD2d 210 [1st Dept 2000], lv denied 95 NY2d 856 [2000]), the officer was entitled to enter the vehicle for the purpose of obtaining the vehicle's registration certificate. Unlike in Branigan, there were no " 'safety reasons' " in this case preventing the officer from allowing defendant to retrieve the registration himself (67 NY2d at 861) and, here, defendant did not initially fail to produce the registration when prompted to do so by law enforcement (cf. id. at 861-862). Unlike in Philbert (270 AD2d at 210), the officer here, as he confirmed at the suppression hearing, lacked probable cause to search the vehicle and had no reason to believe that the vehicle contained evidence of a crime. We therefore modify the judgment by reversing those parts convicting defendant of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and criminal possession of a firearm and dismissing counts one, two, three and nine of the indictment (see generally Johnson, 183 AD3d at 1273-1275).
Defendant further contends in his main and pro se supplemental briefs that suppression of the handgun also requires us to reverse those parts of the judgment convicting him of harassment in the second degree, exposure of a person, and criminal mischief in the fourth degree. We reject that contention. Those charges are not related to the handgun and instead arose from defendant's conduct while in police custody after being transported to the police station, and we conclude that there is no "reasonable possibility that the evidence supporting the . . . tainted counts influenced the guilty verdicts on the other [counts]" (People v Sinha, 19 NY3d 932, 934 [2012] [internal quotation marks omitted]; see People v Bulgin, 105 AD3d 551, 551 [1st Dept 2013], lv denied 21 NY3d 1002 [2013]).
Defendant additionally contends in his pro se supplemental brief that he received ineffective assistance of counsel. Contrary to defendant's contention, defense counsel was not ineffective for failing to request a missing witness charge (see generally People v Spagnuolo, 173 AD3d 1832, 1833 [4th Dept 2019], lv denied 34 NY3d 954 [2019]) or a circumstantial evidence charge (see generally People v Johnson, 21 AD3d 1395, 1395 [4th Dept 2005], lv denied 5 NY3d 883 [2005]) inasmuch as such requests would have had " 'little or no chance of success' " (People v Ross, 118 AD3d 1413, 1416 [4th Dept 2014], lv denied 24 NY3d 964 [2014]; see generally People v Caban, 5 NY3d 143, 152 [2005]). With respect to defendant's claim that defense counsel was ineffective for eliciting testimony that he was on parole at the time of the collision, defendant "failed to meet his burden of establishing the absence of any legitimate explanations for [defense counsel's] strateg[y]" (People v Gregory, 72 AD3d 1522, 1523 [4th Dept 2010], lv denied 15 NY3d 805 [2010]), which appears to have been to use the testimony to explain defendant's behavior at the scene.
Defendant failed to preserve his contention in his main brief that statements made by the prosecutor during summation deprived him of his right to a fair trial (see People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]), and similarly failed to preserve his contentions in his pro se supplemental brief that he was denied a fair trial based on prosecutorial misconduct during the questioning of witnesses at trial and that the court failed to provide defense counsel with certain transcripts (see People v Henley, 145 AD3d 1578, 1579 [4th Dept 2016], lv denied 29 NY3d 998 [2017], reconsideration denied 29 NY3d 1080 [2017]; see generally CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have considered defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants reversal or further modification of the judgment.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court