People v Thomas (2023 NY Slip Op 00794)

People v Thomas

2023 NY Slip Op 00794

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1048 KA 18-02057

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES THOMAS, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 25, 2018. The judgment convicted defendant upon a jury verdict of criminal sexual act in the third degree (two counts) and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal sexual act in the third degree (Penal Law § 130.40 [2]) and one count of rape in the third degree (§ 130.25 [2]). We affirm.
We reject defendant's contention that Supreme Court's Sandoval ruling constituted an abuse of discretion (see generally People v Sandoval, 34 NY2d 371, 374 [1974]). Contrary to defendant's contention, "an exercise of a trial court's Sandoval discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (People v Walker, 83 NY2d 455, 459 [1994]; see People v Scott, 189 AD3d 2062, 2063 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]), particularly where, as here, "the basis of the court's decision may be inferred from the parties' arguments" (Walker, 83 NY2d at 459). Further, we conclude that the convictions on which the court permitted inquiry were "probative of [defendant's] credibility inasmuch as such acts showed the 'willingness . . . [of defendant] to place the advancement of his individual self-interest ahead of principle or of the interests of society' " (People v Turner, 197 AD3d 997, 999 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]; see Sandoval, 34 NY2d at 377) and that defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of those convictions] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (Sandoval, 34 NY2d at 378; see People v Green, 197 AD3d 993, 996 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]). Contrary to defendant's further contention, the fact that defendant was the only possible witness for the defense concerning certain allegations "increased the importance of his credibility and his testimony," and did not require the court to prohibit any inquiry into his past convictions (People v McLaurin, 33 AD3d 819, 820 [2d Dept 2006], lv denied 7 NY3d 927 [2006]). In any event, we conclude that any error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant failed to preserve for our review his further contention that he was denied a fair trial based upon the cumulative effect of alleged improper comments made by the prosecutor during summation (see generally People v Britt, 34 NY3d 607, 616 [2019]; People v Shire, 77 AD3d 1358, 1359 [4th Dept 2010], lv denied 15 NY3d 955 [2010]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Additionally, defendant contends that he was deprived of effective assistance of counsel because defense counsel, in response to defendant's pro se requests for assignment of new counsel, took an adverse position to him by disputing certain of his factual allegations, thereby creating a conflict of interest and undermining his credibility. We reject that contention. "Although an attorney is not obligated to comment on a client's pro se motions or arguments, he [or she] may address allegations of ineffectiveness [raised on a motion for substitution of counsel] 'when asked to by the court' and 'should be afforded the opportunity to explain his [or her] performance' " (People v Washington, 25 NY3d 1091, 1095 [2015]). Still, even though "defense counsel need not support a defendant's pro se motion for the assignment of new counsel, a defendant is denied the right to [effective, conflict-free] counsel when defense counsel becomes a witness against the defendant by taking a position adverse to the defendant in the context of such a motion" (People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]; see People v Burney, 204 AD3d 1473, 1475 [4th Dept 2022]). Defense counsel "takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit" (Washington, 25 NY3d at 1095; see People v Mitchell, 21 NY3d 964, 966-967 [2013]). Here, we conclude that defense counsel did not take a position adverse to defendant on his requests for substitute counsel because, during the relevant colloquy, he merely denied defendant's open-court allegations against him and briefly outlined his efforts in representing defendant (see Washington, 25 NY3d at 1095; People v Nelson, 7 NY3d 883, 884 [2006]; Burney, 204 AD3d at 1475).
We conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions, and
conclude that they lack merit.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court