People v Lee (2024 NY Slip Op 00718)

People v Lee

2024 NY Slip Op 00718

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1035 KA 22-01848

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY L. LEE, SR., DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered September 21, 2022. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (three counts), criminal possession of a firearm, menacing in the first degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and on the facts by granting that part of defendant's omnibus motion seeking to suppress the switchblade knife and defendant's statements relating to the switchblade knife, reversing those parts convicting defendant of criminal possession of a weapon in the third degree under count 4 of the indictment, criminal possession of a firearm, menacing in the first degree and endangering the welfare of a child under count 8 of the indictment and dismissing counts 3, 4, 6 and 8 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [8]), one count of criminal possession of a firearm (§ 265.01-b [1]), one count of menacing in the first degree (§ 120.13), and two counts of endangering the welfare of a child (§ 260.10 [1]).
The prosecution arises from a domestic dispute during which defendant held an operable automatic handgun to the head of his longtime girlfriend, in the presence of their 15-year-old daughter. A second child, the couple's son, was also in the home, but he was asleep in another room during the incident. The daughter called 911 to report the incident and, when a law enforcement officer arrived, described to him the handgun that defendant had held to her mother's head. Defendant was then taken into custody, but was not in possession of any firearms. After defendant was secured and all known occupants of the home, including the son, were outside of the apartment building, an officer entered defendant's residence without a warrant and discovered a switchblade knife in plain view on a table. Simultaneously, a second officer was alerted by defendant's neighbor to a bag that she had just discovered on her balcony, which was connected to defendant's balcony. The bag contained a handgun, matching the description previously given by the daughter, as well as a high-capacity magazine. Defendant was indicted on eight counts. He was charged with three counts relating to his possession of the handgun: criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [1] [a]); CPW in the third degree (§ 265.02 [1]); and criminal possession of a firearm (§ 265.01-b [1]). Defendant was further charged with CPW in the third degree relating to his possession of the switchblade knife (§ 265.02 [1]); CPW in the third degree relating to his possession of the high-capacity magazine (§ 265.02 [8]); menacing in the first degree relating to his holding of the handgun against his girlfriend's head (§ 120.13); endangering the welfare of a child relating to the daughter (§ 260.10 [1]); and endangering the welfare of a child relating to the son (§ 260.10 [1]).
We agree with defendant that, as the People correctly concede, County Court erred in refusing to suppress the statements that he made to the police following his arrest in which he admitted to owning the switchblade knife. The People failed to meet their burden of establishing beyond a reasonable doubt that defendant knowingly, voluntarily, and intelligently waived his Miranda rights before being questioned (see People v Teixeira-Ingram, 199 AD3d 1240, 1242 [3d Dept 2021]; cf. People v Kithcart, 85 AD3d 1558, 1559 [4th Dept 2011], lv denied 17 NY3d 818 [2011]).
We also agree with defendant that the court erred in refusing to suppress the switchblade knife seized by the police during the search of his residence. " '[S]ubject only to carefully drawn and narrow exceptions, a warrantless search of an individual's home is per se unreasonable and hence unconstitutional' " (People v Jenkins, 24 NY3d 62, 64 [2014]), and no exception applies here. The court reasoned that the officer's entry into defendant's residence was justified under the emergency exception to the warrant requirement, which permits a warrantless search where " '(1) the police . . . have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property and this belief [is] grounded in empirical facts; (2) the search [is] not . . . primarily motivated by an intent to arrest and seize evidence; and (3) there [is] some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched' " (People v Turner, 175 AD3d 1783, 1783 [4th Dept 2019], lv denied 34 NY3d 1082 [2019], quoting People v Doll, 21 NY3d 665, 670-671 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US 1022 [2014]). We conclude, however, that the first and third elements of the emergency exception were not present at the time the officer entered defendant's residence because defendant had been secured prior to that time and the officer who conducted the search testified that he did not believe there was anyone else in the residence at that time (see People v Hidalgo-Hernandez, 200 AD3d 1681, 1683 [4th Dept 2021]; People v Mormon, 100 AD3d 782, 783 [2d Dept 2012], lv denied 20 NY3d 1102 [2013]).
We therefore modify the judgment by granting that part of defendant's omnibus motion seeking to suppress the switchblade knife and defendant's statements relating to the switchblade knife, reversing that part of the judgment convicting defendant of CPW in the third degree as it relates to the switchblade knife, and dismissing count 4 of the indictment (see People v Lawrence, 192 AD3d 1686, 1687-1688 [4th Dept 2021]). We reject defendant's contention that a new trial is warranted, inasmuch as "there is no reasonable possibility that the . . . evidence supporting the . . . tainted count[ ] in any meaningful way influenced the jury's decision to convict on the remaining counts" (People v Doshi, 93 NY2d 499, 503 [1999]).
We also reject defendant's contention that the court's Sandoval ruling constituted an abuse of discretion (see generally People v Sandoval, 34 NY2d 371, 374 [1974]). The convictions on which the court ruled that it would permit inquiry were probative of defendant's credibility because "such acts showed the 'willingness . . . [of defendant] to place the advancement of his individual self-interest ahead of principle or of the interests of society' " (People v Thomas, 213 AD3d 1359, 1360 [4th Dept 2023], lv denied 39 NY3d 1143 [2023]; see People v Gethers, 151 AD3d 1398, 1401 [3d Dept 2017], lv denied 30 NY3d 980 [2017]; People v Johnson, 307 AD2d 384, 384-385 [3d Dept 2003], lv denied 1 NY3d 574 [2003]; People v Godin, 50 AD2d 839, 839 [2d Dept 1975]). Additionally, defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of those convictions] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (Thomas, 213 AD3d at 1360). Moreover, it was within the court's discretion to permit questions relating to a "similar[ ] . . . prior conviction" (People v Downey, 256 AD2d 810, 810 [3d Dept 1998], lv denied 93 NY2d 969 [1999]) and the sentences received (see People v Carmichael, 171 AD3d 1084, 1085 [2d Dept 2019], lv denied 34 NY3d 979 [2019]).
Defendant further contends that the court erred in allowing the People to bolster a witness's testimony through questioning of the witness and two other witnesses as to that witness's prior consistent statements. Defendant failed to preserve that contention for our review with respect to most of the testimony he now asserts was improper bolstering (see People v Comerford, 70 AD3d 1305, 1306 [4th Dept 2010]). Defendant's sole preserved contention with respect to bolstering lacks merit. While "it is generally improper to introduce testimony that [a] witness had previously made prior consistent statements, when there is no claim of either prompt [*2]outcry or recent fabrication," such testimony "may be admissible when it is offered not for its truth, but for some other relevant purpose, for example [as here,] to assist in 'explaining the investigative process and completing the narrative of events leading to the defendant's arrest' " (People v Gross, 26 NY3d 689, 694-695 [2016]; see People v Smith, 22 NY3d 462, 465 [2013]).
Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to counts 2 and 5, for CPW in the third degree relating to the handgun and high-capacity magazine, respectively, is not against the weight of the evidence (see People v Wright, 188 AD3d 1687, 1688 [4th Dept 2020]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude that, contrary to defendant's contention, the verdict with respect to count 7, for endangering the welfare of a child with respect to the daughter, is not against the weight of the evidence.
We agree with defendant, however, that, as the People correctly concede, the verdict with respect to count 6, for menacing in the first degree, is against the weight of the evidence (see Penal Law §§ 120.13, 120.14 [1]). We also agree with defendant that, contrary to the People's contention, the verdict with respect to count 8, for endangering the welfare of a child with respect to the couple's son, is against the weight of the evidence inasmuch as the People failed to establish that defendant's actions were "likely to be injurious to the physical, mental, or moral welfare of [the] child" (§ 260.10 [1]; cf. People v Meseck, 52 AD3d 948, 949-950 [3d Dept 2008], lv denied 11 NY3d 739 [2008]). We therefore further modify the judgment by reversing those parts convicting defendant of menacing in the first degree and of endangering the welfare of a child as it relates to the son, and dismissing counts 6 and 8 of the indictment.
We further conclude that, as defendant contends and the People correctly concede, the part of the judgment convicting him of criminal possession of a firearm must be reversed and count 3 of the indictment dismissed because it is an inclusory concurrent count of CPW in the third degree. Here, the CPW in the third degree count relating to the handgun charged possession of a "handgun, a firearm" as one of its elements and, as charged in the indictment, the elements of CPW in the third degree are precisely those required for criminal possession of a firearm under Penal Law § 265.01-b (1) (see generally People v Scott, 61 AD3d 1348, 1350 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009]). Thus, it was impossible for defendant to commit CPW in the third degree without, by the same conduct, committing criminal possession of a firearm, thereby rendering criminal possession of a firearm an inclusory concurrent count of CPW in the third degree. We therefore further modify the judgment by reversing that part convicting defendant of criminal possession of a firearm and dismissing count 3 of the indictment.
Finally, contrary to defendant's contention, his sentence is not unduly harsh or severe.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court